UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AHMED MOHAFEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARCO RUBIO, United States Secretary of State, et al., <br><br> Defendants. | Case No. 25-cv-11061 <br><br> Honorable Robert J. White |

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS THE COMPLAINT**

I.  Introduction

Ahmed Mohafel and his mother, Nourhan Galabi, commenced this mandamus action to compel United States Secretary of State Marco Rubio and other federal officials to direct consular officials to further adjudicate Galabi's immigration visa application after a consular officer already refused it.

Before the Court is the government's motion to dismiss the complaint. (ECF No. 5). Mohafel and Galabi responded in opposition. (ECF No. 8). The government filed a reply. (ECF No. 9). The Court will decide the motion without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted.

II.   Background

   A.   *Factual History*

Mohafel is a United States citizen. (ECF No. 1, PageID.4, ¶ 11). His mother, Galabi, is a displaced Syrian national currently living in Malaysia. (*Id.*, PageID.5, ¶ 12). He filed a Form I-130 Petition for Alien Relative on Galabi's behalf. (*Id.*, PageID.6, ¶ 17). Galabi attended a consular interview at the United States Embassy in Kuala Lumpur, Malaysia on August 27, 2024.[1] (*Id.*, ¶ 20; ECF No. 5, PageID.42). The consular officer refused Galabi's immigration visa application after the interview. (*Id.*, ¶ 20; ECF No. 5, PageID.42).

   B.   *Procedural History*

Mohafel and Galabi filed this lawsuit seeking mandamus relief and alleging a cause of action under the Administrative Procedure Act ("APA"). (ECF No. 1, PageID.8-10, ¶¶ 29-40). They seek to compel the Secretary of State and other federal officials to direct a consular officer to further adjudicate Galabi's immigration visa application. (*Id.*, PageID.10). The government now moves to dismiss the complaint on the ground that, among other things, Mohafel and Galabi lack Article III standing to maintain this action. (ECF No. 5).

---

[1] The interview date first appears in the government's supporting brief and nowhere else in the record. (ECF No. 5, PageID.42). Neither Mohafel nor Galabi contest that the consular interview occurred then. (ECF No. 8, PageID.73). Mohafel's father attended the consular interview as well. (ECF No. 1, PageID.6, ¶ 20). He passed away in February 2025. (*Id.*, PageID.8, ¶ 25).

2

III. <u>Legal Standards</u>

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action where the district court lacks subject matter jurisdiction. Rule 12(b)(1) motions for lack of subject matter jurisdiction may challenge either (1) the facial sufficiency of the pleading itself, or (2) the factual grounds for invoking subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial challenges address whether the pleading alleges a basis for subject matter jurisdiction. The Court views the pleading's allegations as true and construes them in the light most favorable to the nonmoving party. *Id.*

Whether a party has standing raises an issue of the Court's subject matter jurisdiction under Rule 12(b)(1). *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). The plaintiff, as the party invoking federal jurisdiction, carries the burden of establishing the elements of standing. *Ward v. Nat'l Patient Account Servs. Sols.*, 9 F.4th 357, 363 (6th Cir. 2021).

IV. <u>Analysis</u>

    A. *Article III Standing Overview*

Congress invested federal district courts with original jurisdiction over various subject matters through statutory enactment. *See, e.g.,* 28 U.S.C. §§ 1331

3

(federal question), 1361 (mandamus relief against federal officers, employees, and agencies).[2]

Yet, "[n]o matter what Congress provides by statute, the plaintiff must still satisfy" the federal constitution's Article III "standing prerequisites." *Buchholz v. Tanick*, 946 F.3d 855, 867 (6th Cir. 2020). Article III of the United States Constitution limits federal court jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2. The doctrine of standing emanates from this "case-or-controversy" requirement and "limits the category of litigants empowered to maintain a lawsuit in federal court to [those who] seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Requests for mandamus relief are not exempt from Article III's "case-or-controversy" requirement. *See Hussein v. Beecroft*, 782 F. App'x 437, 441-43 (6th Cir. 2019) (affirming dismissal of mandamus petition on Article III mootness grounds); *see also In re Nat'l Prescription Opiate Litig.*, Nos. 22-3493/3653, 2022 U.S. App. LEXIS 34312, at *19 (6th Cir. Dec. 13, 2022) (concluding that mandamus petitioners lacked Article III standing).

---

[2] As for the APA, the United States Court of Appeals for the Sixth Circuit has ruled that "[t]he APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014).

Since this case is at the pleading stage, Mohafel and Galabi must "clearly . . . allege facts demonstrating" (1) an imminent, concrete, and particularized injury-in-fact, that (2) is traceable to defendants' conduct, and (3) can be redressed through a favorable judicial decision. *Spokeo*, 578 U.S. at 338 (quotation omitted); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

B.   Application

Mohafel and Galabi lack Article III standing because the complaint fails to plausibly illustrate how they suffered a redressable injury-in-fact that is both concrete and particularized, *i.e.*, the first and third Article III standing requirements.

The Immigration and Nationality Act mandates that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). After an interview, the consular officer must issue the visa or refuse the application if the alien is ineligible. 8 U.S.C. § 1201(a), (g). The statute's implementing regulations impose the same decision tree. *See* 22 C.F.R. § 42.81(a) ("When a visa application has been properly completed and executed before a consular officer . . . the consular officer must issue the visa" or "refuse the visa under INA 212(a) or 221(g) or other applicable law"). No statute, regulation, or any other legal authority contains a "specific, unequivocal command" that the consular officer must "issue a final, unreviewable decision on a visa, or . . . conduct or complete administrative processing once a visa has been refused." *Sankari v. United States*

5

*Dep't of State*, No. 24-12975, 2025 U.S. Dist. LEXIS 103480, at *14 (E.D. Mich. May 30, 2025); *see also Karimova v. Abate*, No. 23-5178, 2024 U.S. App. LEXIS 18337, at *15 (D.C. Cir. Jul. 24, 2024) (holding that the plaintiff failed to identify "an adequate legal basis" for a consular officer to "to make yet another 'final decision' on her already-refused visa application.").

The consular officer at the United States Embassy in Malaysia refused Galabi's visa application pursuant to 8 U.S.C. § 1201(g). (ECF No. 5, PageID.42). *See* U.S. Dep't. of State, Consular Electronic Application Center, https://ceac.state.gov/ceacstattracker/status.aspx (last accessed Nov. 25, 2025).[3] This refusal "reflects that the consular officer determined that" Galabi "failed to meet [her] burden to establish eligibility for the visa sought" – which is all "the INA and its regulations require." *Sankari*, 2025 U.S. Dist. LEXIS 103480, at *15 (cleaned up). Whether the consular officer or some other State Department official is authorized to later "reconsider this refusal is immaterial, when no statute, regulation, or other source imposes a duty to reconsider it." *Id.* (quotation omitted); *see also*

---

[3] The Court takes judicial notice of the information provided through the State Department's Consular Electronic Application Center, indicating that a consular officer refused Galabi's visa application. *See Sankari*, 2025 U.S. Dist. LEXIS 103480, at *15 n.6 ("A court is permitted to take judicial notice of information found on government websites because it is generally considered not subject to reasonable dispute."); *see also United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003); Fed. R. Evid. 201(b)(2).

*Sackett v. EPA*, 566 U.S. 120, 127 ("The mere possibility that an agency might reconsider . . . does not suffice to make an otherwise final agency action nonfinal.").

Mohafel and Galabi point to several cases holding that a consular visa refusal is *not* a final determination. According to these opinions, State Department officials are obligated to further evaluate the visa application, post-refusal, and either issue the visa or deny it. (ECF No. 8, PageID.76) (collecting cases). So, consistent with this approach, a redressable legal harm would exist to confer Article III standing. But these decisions ignore the plain reading of both the INA and its implementing regulations in that neither provision requires a consular officer "to reach a more definitive decision on an application that has already been refused." *Sankari*, 2025 U.S. Dist. LEXIS 103480, at *20 (quotation omitted); *see also Karimova*, 2024 U.S. App. LEXIS 18337, at *10 ("Karimova's argument hinges on defining what it means to conclude a visa application in a manner that neither a federal statute nor regulation clearly requires.").

Without plausible allegations of a concrete and particularized injury that is redressable, Mohafel and Galabi have "no standing to sue and thus no basis for moving forward with" their substantive claims. *Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 982 (6th Cir. 2020). "[T]he only function remaining to the court is that of announcing th[is] fact and dismissing the cause." *Steel Co. v. Citizens*

7

*for a Better Env't*, 523 U.S. 83, 94 (1998) (quotation omitted); *see also Freed v. Thomas*, 976 F.3d 729, 739 (6th Cir. 2020).  Accordingly,

IT IS ORDERED that the government's motion to dismiss the complaint (ECF No. 5) is granted.

Dated: November 25, 2025            s/ Robert J. White
                                                Robert J. White
                                                United States District Judge